UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02627-CV-PVC | Date | October 7, 2025 |
| Title | *Bamaca v. Warden, Adelanto ICE Processing Center, Los Angeles Field Office* | | |

Present: The Honorable   Cynthia Valenzuela, United States District Judge

| Jessica Cortes | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):       Attorney(s) Present for Defendant(s):

None Present                                                      None Present

**Proceedings:    (IN CHAMBERS) ORDER DENYING WITHOUT PREJUDICE PETITIONER'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER [6] AND AMENDED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER [9]**

On its own motion, the Court hereby DENIES WITHOUT PREJUDICE Petitioner's "Emergency Motion for Temporary Restraining Order" (Doc. # 6, "Emergency Motion") and Petitioner's "Amended Emergency Motion for Temporary Restraining Order" (Doc. # 9, "Amended Motion" and collectively, "Motions").

The Motions are procedurally deficient. Neither includes a declaration or a proposed order to show cause why a preliminary injunction should not issue. These omissions are grounds to deny the Motions.

Because the Motions seek a temporary restraining order, Local Rule 65-1 applies. It requires:

> "A party seeking a temporary restraining order ("TRO") must submit an application, a proposed TRO, a declaration setting forth the facts and certification required by F. R. Civ. P. 65(b)(1)(A) and (B), and a proposed order to show cause why a preliminary injunction should not issue."

C.D. Cal. L. Civ. R. 65-1.[1]

Failure to follow this rule is grounds for denying an application for a temporary restraining order. *See, e.g.*, *Davis v. Gen. Atomics*, No. 8:23-CV-00132-JWH (JDEx), 2023 WL 10407135, at *1 (C.D. Cal. Jan. 23, 2023), *appeal dismissed*, No. 24-4740, 2024 WL 4732563 (9th Cir. Oct. 25, 2024) (denying without prejudice ex parte application that did not comply with Local Rule 65-1, including by failing to include the "required declaration"); *Orozco v. Aguila*, No. 2:22-cv-05526-FWS (AFMx), 2022 WL 16858524, at *4 (C.D. Cal. Sept. 16, 2022) ("[T]he failure of the Application and supporting documents to satisfy Rule 65's and Local Rule 65-1's notice requirements, in addition to the presentation of an unsigned declaration to demonstrate notice . . . suggests sufficient grounds to deny the Application."); *see also*, *United States v. Biden*, No. 2:23-CR-00599-MCS-1, 2024 WL 3891843, at *1 (C.D. Cal. June 10, 2024) (striking TRO application for failure to comply with Local Rule 65-1); *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) (affirming district court's enforcement of local rules and noting, "[t]he district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing").

Accordingly, the Motions are **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

---

[1] Available at: https://www.cacd.uscourts.gov/court-procedures/local-rules